**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE: THE EPOCH HOLDING GROUP
PTY LTD et al.

Case No: 1:25-mc-00380 (DEH)

## CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.     Counsel for any party may designate any document or information, in whole or in part, as "Confidential" (a "Confidential" designation), "Highly Confidential - Attorneys' Eyes Only" (a "Confidential AEO" designation), if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL," "CONFIDENTIAL AEO,"  Nothing contained in this Stipulation and Protective Order shall preclude the non-producing party from challenging a confidential designation as the case maybe, in any court of competent jurisdiction as set out in paragraph 3 below.

2.     The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action or the Australian legal proceedings commenced in the Federal Court of Australia (NSD527/2022) ("Australian Proceedings").

3.     In the event a party wishes to challenge another party's designation of confidentiality, it may make that challenge in written notice to the other party, and counsel shall make a good faith effort to expeditiously resolve the dispute and in any event by no later than 48 hours after notification of such challenge, and in the absence of a resolution, the challenging party may seek resolution by the Court by motion filed within four business days of the making of the notification. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

If at any time prior to the trial of this action and/or the Australian Proceedings, a producing person realizes that some portion(s) of Confidential Information previously produced by the producing person without limitation should be designated Confidential, Confidential AEO,  then, after a meet and confer, the producing person may so designate by so apprising all prior recipients of the

Confidential Information in writing, and thereafter such designated portion(s) of the Confidential Information will be deemed to be, and treated as, Confidential, Confidential AEO under the terms of this Protective Order.

4.    Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a.    The requesting parties and their in-house counsel;

b.    The outside counsel for the requesting parties and employees of such counsel, including any paralegal, clerical and other assistant employed by them, assigned to and necessary to assist in this action;

c.    The solicitors and counsel assisting the Applicants in the Australian Proceedings and employees of such solicitors, including any paralegal, clerical and other assistant employed by them, assigned to and necessary to assist the Applicants in the Australian Proceedings;

d.    Outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) hired by outside counsel and assigned to this matter and/or the Australian Proceedings, including computer service personnel performing duties relating to a computerized litigation system, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

e.    The Second Respondent David Katz in the Australian Proceedings, his solicitors and counsel and employees of such counsel and solicitors, including any paralegal, clerical and other assistant employed by them, assigned to and necessary to assist the Second Respondent in the Australian Proceedings;

f.    Any mediator or arbitrator engaged by the Parties in this matter and/or the Australian Proceedings, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

g.    Any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action and/or the Australian Proceedings, provided such person is not an employee, director, officer, agent, attorney, or other representative of a receiving party, including any of its divisions, subsidiaries, or affiliates, is not an employee, director, officer, agent, attorney, or other representative of a direct business competitor of any party, or is not currently advising a direct business competitor of any Party on matters relating to the subject matter of this action; and so long as each has first executed a Non-Disclosure Agreement in the form attached hereto;

2

h.    Stenographers engaged to transcribe depositions conducted in this action and/or the Australian Proceedings;

i.    This Court and/or the court presiding over the Australian Proceedings, including any appellate court, and the court reporters and support personnel for the same, with the appropriate safeguards taken, as detailed herein;

j.    During the trial in the Federal Court of Australia, after steps taken to preserve confidentiality of such Confidential Information including so as to limit public access to the courtroom and/or redacting any transcript of those matters as that court may consider appropriate; and

k.    Such other persons as authorized by the producing party in writing or as otherwise directed by the Court or the Federal Court of Australia.

5.    Confidential Information designated "Highly Confidential - Attorneys' Eyes Only" can only be disclosed to:

a.    In-house counsel of the requesting party;

b.    The outside counsel for the requesting parties and employees of such counsel, including any paralegal, clerical and other assistant employed by them, assigned to and necessary to assist in this action;

c.    The solicitors and counsel assisting the Applicants in the Australian Proceedings and employees of such solicitors, including any paralegal, clerical and other assistant employed by them, assigned to and necessary to assist the Applicants in the Australian Proceedings;

d.    Outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) hired by outside counsel and assigned to this matter and/or the Australian Proceedings, including computer service personnel performing duties relating to a computerized litigation system, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

e.    The Second Respondent's David Katz's solicitors and counsel and employees of such counsel and solicitors, including any paralegal, clerical and other assistant employed by them, assigned to and necessary to assist the Second Respondent in the Australian Proceedings;

f.     Any mediator or arbitrator engaged by the Parties in this matter and/or the Australian Proceedings, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

g.     Any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action and/or the Australian Proceedings, provided such person is not an employee, director, officer, agent, attorney, or other representative of a receiving party, including any of its divisions, subsidiaries, or affiliates, is not an employee, director, officer, agent, attorney, or other representative of a direct business competitor of any party, or is not currently advising a direct business competitor of any Party on matters relating to the subject matter of this action; and so long as each has first executed a Non-Disclosure Agreement in the form attached hereto;

h.     Stenographers engaged to transcribe depositions conducted in this action and/or the Australian Proceedings;

i.     This Court and/or the court presiding over the Australian Proceedings, including any appellate court, and the court reporters and support personnel for the same, with the appropriate safeguards taken, as detailed herein;

j.     During the trial in the Federal Court of Australia, after steps taken to preserve confidentiality of such Confidential Information including so as to limit public access to the courtroom and/or redacting any transcript of those matters as that court may consider appropriate; and

k.     Such other persons as authorized by the producing party in writing or as otherwise directed by the Court or the Federal Court of Australia.

6.     Prior to disclosing or displaying the Confidential Information to any person, counsel must:

a.     Inform the person of the confidential nature of the information or documents;

b.     Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c.     Require each such person, excluding the persons referred to in paragraphs 4.h, 4.i, 5.h or 5.i above, to sign an agreement to be bound by this Order in the form attached as Exhibit A.

4

7.      The disclosure of a document or information without designating it as "CONFIDENTIAL," "CONFIDENTIAL AEO" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8.      Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

9.      Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10.     Any party seeking to file information designated as "CONFIDENTIAL" or "CONFIDENTIAL AEO" shall use all available measures to ensure that such information is filed with the Court under seal. The parties to the Australian Proceedings shall follow the Federal Court of Australia's procedures for requests for filing under seal.

11.     At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12.     Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law, including an order or direction made in the Australian Proceedings, or pursuant to a valid subpoena, or adducing material designated to be Confidential Information into evidence in the Australian Proceedings (provided that (a) appropriate non-publication or confidentiality orders are sought from the Federal Court of Australia at the time of the material being adduced into evidence, and (b) the producing party be given advance notice and adequate opportunity to object to such disclosure).

SO STIPULATED AND AGREED.
Dated: November 24, 2025

New York, New York


/s/ Adam Kominsky
Adam Kominsky

Counsel for Applicants: The Epoch Holding Group Pty Ltd, Epoch Capital Pty Ltd, Epoch Systems Development Pty Ltd, The Epoch Trading Group Pty Ltd, Epoch Services Australia Pty Ltd, Epoch Trading Services Limited, Epoch Capital Limited, and Epoch Capital US LLC

/s/ Jeffrey Wang
Jeffrey Wang

Counsel for Respondent
Schonfeld Strategic Advisors LLC


December 1, 2025
SO ORDERED.

DALE E. HO
United States District Judge

6

**EXHIBIT A**

<u>**Agreement**</u>

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled _____ have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "CONFIDENTIAL AEO" are confidential by Order of the Court. I hereby agree that I will not disclose any of those documents or any information contained in such documents to any other person who is not subject to that Order. I further agree not to use any such documents or information for any purpose other than this litigation or the Australian Proceedings.

Dated: _____, 20__

_____                _____
Name (printed)                                  Signature

Signed in the presence of:

_____
(Attorney)

4898-3514-4573, v. 1

7