**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE: THE EPOCH HOLDING GROUP
PTY LTD et al.

Case No: 1:25-mc-00380 (DEH)

## CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.      Counsel for any party may designate any document or information, in whole or in part, as "Confidential" (a "Confidential" designation) or as "Highly Confidential - Attorneys' Eyes Only" (a "Confidential AEO" designation) if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL" or "CONFIDENTIAL AEO." Nothing contained in this Stipulation and Protective Order shall preclude the non-producing party from challenging a confidential designation as the case maybe, in any court of competent jurisdiction as set out in paragraph 3 below.

2.      The Confidential Information and Protected Information disclosed will be held and used by the person receiving such information solely for use in connection with the action or the Australian legal proceedings commenced in the Federal Court of Australia (NSD527/2022) ("Australian Proceedings") subject to any orders in the Australian Proceedings.

3.      In the event a party wishes to challenge another party's designation of confidentiality, it may make that challenge in written notice to the other party, and counsel shall make a good faith effort to expeditiously resolve the dispute and in any event by no later than 48 hours after notification of such challenge, and in the absence of a resolution, the challenging party may seek resolution by the Court by motion filed within four business days of the making of the notification. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

If at any time prior to the trial of this action and/or the Australian Proceedings, a producing person realizes that some portion(s) of Confidential Information previously produced by the producing person without limitation should be designated Confidential or Confidential AEO, then, after a meet and confer, the producing person may so designate by so apprising all prior recipients of the Confidential Information in writing, and thereafter such designated portion(s) of the Confidential

55853/0002-51866155v1

Information will be deemed to be, and treated as, Confidential or Confidential AEO under the terms of this Protective Order.

4.　　Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a.　　The requesting parties and their in-house counsel;

b.　　The outside counsel for the requesting parties and employees of such counsel, including any paralegal, clerical and other assistant employed by them, assigned to and necessary to assist in this action;

c.　　The solicitors and counsel assisting the Applicants in the Australian Proceedings and employees of such solicitors, including any paralegal, clerical and other assistant employed by them, assigned to and necessary to assist the Applicants in the Australian Proceedings;

d.　　Outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) hired by outside counsel and assigned to this matter and/or the Australian Proceedings, including computer service personnel performing duties relating to a computerized litigation system, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

e.　　The Second Respondent in the Australian Proceedings, his solicitors and counsel and employees of such counsel and solicitors, including any paralegal, clerical and other assistant employed by them, assigned to and necessary to assist the Second Respondent in the Australian Proceedings;

f.　　Any mediator or arbitrator engaged by the Parties in this matter and/or the Australian Proceedings, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

g.　　Any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action and/or the Australian Proceedings, provided such person is not an employee, director, officer, agent, attorney, or other representative of a receiving party, including any of its divisions, subsidiaries, or affiliates, is not an employee, director, officer, agent, attorney, or other representative of a direct business competitor of any party, or is not currently advising a direct business competitor of any Party on matters relating to the subject matter of this action; and so long as each has first executed a Non-Disclosure Agreement in the form attached hereto;

h.    Stenographers engaged to transcribe depositions conducted in this action and/or the Australian Proceedings;

i.    This Court and/or the court presiding over the Australian Proceedings, including any appellate court, and the court reporters and support personnel for the same, with the appropriate safeguards taken, as detailed herein;

j.    During the trial or depositions in the Federal Court of Australia, after steps taken to preserve confidentiality of such Confidential Information including so as to limit public access to the courtroom and/or redacting any transcript of those matters as that court may consider appropriate; and

k.    Such other persons as authorized by the producing party in writing or as otherwise directed by the Court or the Federal Court of Australia.

5.    Confidential Information designated "Highly Confidential - Attorneys' Eyes Only" can only be disclosed to:

a.    Alex Sadowski, General Counsel, for the Applicants in the Australian Proceedings;

b.    The outside counsel of record retained specifically for this action and/or counsel for the requesting parties and employees of such counsel, including any paralegal, clerical and other assistant employed by them, assigned to and necessary to assist in this action;

c.    The solicitors and counsel assisting the parties in the Australian Proceedings and employees of such solicitors, including any paralegal, clerical and other assistant employed by them, assigned to and necessary to assist the parties in the Australian Proceedings;

d.    Outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) hired by outside counsel and assigned to this matter and/or the Australian Proceedings, including computer service personnel performing duties relating to a computerized litigation system, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

e.    Any mediator or arbitrator engaged by the Parties in this matter and/or the Australian Proceedings, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

f.    Any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action and/or the Australian Proceedings, provided such person is not an employee,

3

director, officer, agent, attorney, or other representative of a receiving party, including any of its divisions, subsidiaries, or affiliates, is not an employee, director, officer, agent, attorney, or other representative of a direct business competitor of any party, or is not currently advising a direct business competitor of any Party on matters relating to the subject matter of this action; and so long as each has first executed a Non-Disclosure Agreement in the form attached hereto;

g. Stenographers engaged to transcribe depositions conducted in this action and/or the Australian Proceedings;

h. This Court and/or the court presiding over the Australian Proceedings, including any appellate court, and the court reporters and support personnel for the same, with the appropriate safeguards taken, as detailed herein;

i. During the trial or depositions in the Federal Court of Australia, after steps taken to preserve confidentiality of such Confidential Information including so as to limit public access to the courtroom and/or redacting any transcript of those matters as that court may consider appropriate; and

j. Such other persons as authorized by the producing party in writing or as otherwise directed by the Court or the Federal Court of Australia.

6. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person, excluding the persons referred to in paragraphs 4.h, 4.i, 5.g or 5.h above, to sign an agreement to be bound by this Order in the form attached as Exhibit A.

7. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "CONFIDENTIAL AEO" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. Counsel for any party may designate any document or information, in whole or in part, as "PROTECTED" if counsel determines in good faith, that such designation is necessary to protect the interests of the client in non-public information ("Protected Information"). Documents

4

labeled "PROTECTED" in accordance with the protections in Section 7(i) of the August 4, 2025 Order issued in the Australian Proceedings. Attached hereto as Exhibit B is the August 4, 2025 Order. Specifically, documents designated as "PROTECTED" shall not be tendered in open court or read or disclosed in an affidavit in open court in the Australian Proceedings without giving the producing party seven days' notice.

9.      The disclosure of a document or information without designating it as "PROTECTED" shall not constitute a waiver of the right to designate such document or information as Protected Information. If so designated, the document or information shall thereafter be treated as Protected Information subject to all the terms of this Stipulation and Order.

10.     Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

11.     Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12.     Notwithstanding the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL AEO" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties to the Australian Proceedings shall follow the Federal Court of Australia's procedures for requests for filing under seal.

13.     At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

14.     Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law, including an order or direction made in the Australian Proceedings, or pursuant to a valid subpoena, or adducing material designated to be Confidential Information into evidence in the Australian Proceedings (provided that appropriate non-publication or confidentiality orders are sought from the Federal Court of Australia at the time of the material being adduced into evidence).

SO STIPULATED AND AGREED.

Dated: November 28, 2025
        New York, New York


/s/ Adam Kominsky                          /s/ Wendy Klein
Adam Kominsky                              Wendy Klein

Counsel for Applicants                     Counsel for Respondent
The Epoch Holding Group Pty Ltd, Epoch     Schonfeld Strategic Advisors LLC
Capital Pty Ltd, Epoch Systems Development
Pty Ltd, The Epoch Trading Group Pty Ltd,
Epoch Services Australia Pty Ltd, Epoch
Trading Services Limited, Epoch Capital
Limited, and Epoch Capital US LLC


                                           December 1, 2025

                                            SO ORDERED.


                                           _____
                                           DALE E. HO
                                           United States District Judge

6

**EXHIBIT A**

**<u>Agreement</u>**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled _____ have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "CONFIDENTIAL AEO" are confidential by Order of the Court. I hereby agree that I will not disclose any of those documents or any information contained in such documents to any other person who is not subject to that Order. I further agree not to use any such documents or information for any purpose other than this litigation or the Australian Proceedings.

Dated: _____, 20__

_____                   _____
Name (printed)                                                          Signature

Signed in the presence of:

_____
(Attorney)

4923-3978-5596, v. 1

# CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER EXHIBIT B



Federal Court of Australia

District Registry: New South Wales Registry

Division: General                                                                No: NSD527/2022

**THE EPOCH HOLDING GROUP PTY LTD ACN 169 456 517** and others named in the schedule
First Applicant

**DAVID KATZ**
Second Respondent

## ORDER

| | |
|---|---|
| **JUDGE:** | Justice Needham |
| **DATE OF ORDER:** | 4 August 2025 |
| **WHERE MADE:** | Sydney |

**THE COURT ORDERS THAT:**

**Variation of orders made on 17 April 2025**

1. The orders made on 17 April 2025 (**Orders**) be varied as follows:

    a.  the date in Order 1 be changed from "6 June 2025" to "25 July 2025";

    b.  the date in Order 3 be changed from "2 May 2025" to "16 July 2025";

    c.  the date in Order 4 be changed from "23 May 2025" to "30 May 2025";

    d.  the date in Order 17 be changed from "23 May 2025" to "28 May 2025";

    e.  Orders 19 and 20 are vacated; and

    f.  Annexure D to the Orders be varied in the manner set out in Annexure A to these orders.

**Supplementary Discovery**

2. On or before 29 July 2025, the Second Respondent is to give supplementary discovery with respect to any documents identified in the email from the Applicants' solicitor to the Second Respondent's solicitor dated 18 June 2025.

**Timetabling**

Prepared in the New South Wales Registry, Federal Court of Australia
Level 17, Law Courts Building, Queens Square, Sydney, Telephone 1300 720 980

3. On or before 5 September 2025, the Applicants are to file and serve any further lay evidence upon which they intend to rely.

4. On or before 3 November 2025, the Second Respondent is to file and serve any lay evidence upon which he intends to rely.

**Production by third party entities**

5. The Second Respondent has leave to issue a subpoena to Watson Webb Pty Ltd (ACN 612 258 527) in the form in Annexure B to these orders.

**Applicant's Confidentiality orders**

6. Order 8 of the Orders be amended to include a new paragraph a. ii. as follows:

   ii.    the documents identified in Part 1B to the affidavit of Darren Mast dated 29 June 2025;

**Second Respondent's Confidentiality orders**

7. Orders pursuant to rule 39.05(a) or (c) of the Federal Court Rules 2011 (Cth), section 23 of the Federal Court of Australia Act 1976 (Cth) or the Court's implied powers that:

   a. None of the documents identified in Attachment A to the email from the Second Respondent's solicitor to the Applicants' solicitor dated 1 August 2025 are to be tendered in open court or read or disclosed in an affidavit in open court without giving 7 days' notice.

   b. Order 2(a) of the Court's orders made on 30 November 2023 and varied on 19 February 2024 and 28 March 2024 be varied to include the Confidential Exhibit SJ5-13 of the affidavit of Shivchand Ramai Jhinku affirmed 9 August 2024.

   c. Order 1(a) of the Court's orders made on 30 October 2024 be varied to include the documents identified in Attachment B to the email from the Second Respondent's solicitor to the Applicants' solicitor dated 1 August 2025.

   d. Order 1(b) of the Court's orders made on 30 October 2024 be varied to include Mr Alex Sadowski, General Counsel for the Applicants.

**Case Management Hearing**

8. The matter be listed for case management hearing at 9.30am on **8 September 2025**.

Prepared in the New South Wales Registry, Federal Court of Australia
Level 17, Law Courts Building, Queens Square, Sydney, Telephone 1300 720 980

225

Date orders authenticated: 4 August 2025

Registrar

Note: Entry of orders is dealt with in Rule 39.32 of the *Federal Court Rules 2011*.

Prepared in the New South Wales Registry, Federal Court of Australia
Level 17, Law Courts Building, Queens Square, Sydney, Telephone 1300 720 980

226



**Schedule**

No: NSD527/2022

Federal Court of Australia

District Registry: New South Wales Registry

Division: General

| | |
|---|---|
| Second Applicant | EPOCH CAPITAL PTY LTD ACN 128 329 395 |
| Third Applicant | EPOCH SYSTEMS DEVELOPMENT PTY LTD ACN 144 882 744 |
| Fourth Applicant | THE EPOCH TRADING GROUP PTY LTD ACN 165 280 357 |
| Fifth Applicant | EPOCH SERVICES AUSTRALIA PTY LTD ACN 639 479 762 |
| Sixth Applicant | EPOCH TRADING SERVICES LTD UKCN 11558491 |
| Seventh Applicant | EPOCH CAPITAL LTD UKCN 09184730 |
| Eighth Applicant | EPOCH CAPITAL US LLC DFN 4801861 |

Prepared in the New South Wales Registry, Federal Court of Australia
Level 17, Law Courts Building, Queens Square, Sydney, Telephone 1300 720 980

227



## Annexure A

1. All communications exchanged (including any attachments) between Millennium Management LLC (or Millennium Capital Management (Hong Kong) Limited or Millennium Capital Management (Australia) Pty Ltd)) and David Katz from 1 August 2021 to 11 July 2022 referring to any of the following:

   a. Toby Carrodus;

   b. the Applicants (including any of their employees); and/or

   c. David Katz's potential employment or engagement with any entity in the Millennium corporate group (including but not limited to Millennium Management LLC, Millennium Capital Management (Hong Kong) Limited, and Millennium Capital Management (Australia) Pty Ltd) (together, **Millennium Group**), including but not limited to any offers of employment and draft contracts of employment.

2. All communications exchanged (including any attachments) within Millennium Management LLC, or between Millennium Management LLC and another entity within the Millennium Group from 1 August 2021 to 31 July 2022 referring to any of the following:

   a. Toby Carrodus; and/or

   b. David Katz's potential employment or engagement with the Millennium Group.

---

Prepared in the New South Wales Registry, Federal Court of Australia
Level 17, Law Courts Building, Queens Square, Sydney, Telephone 1300 720 980

228



## Annexure B

All copies of draft affidavits or witness statements (howsoever described) of the affidavit of Toby Carrodus dated 15 August 2023.

Prepared in the New South Wales Registry, Federal Court of Australia
Level 17, Law Courts Building, Queens Square, Sydney, Telephone 1300 720 980

229